1  Robert F. Kramer (SBN 181706)
   rkramer@feinday.com
2  M. Elizabeth Day (SBN 177125)
   eday@feinday.com
3  David Alberti (SBN 220625)
   dalberti@feinday.com
4  Sal Lim (SBN 211836)
   slim@feinday.com
5  Russell Tonkovich (SBN 233280)
   rtonkovich@feinday.com
6  Marc Belloli (SBN 244290)
7  mbelloli@feinday.com

8  **FEINBERG DAY KRAMER ALBERTI**
   **LIM TONKOVICH & BELLOLI LLP**
9  577 Airport Boulevard, Suite 250
   Burlingame, California 94010
10 Telephone: (650) 825-4300
   Facsimile:  (650) 460-8443
11
12 Attorneys for Plaintiff
   EXPRESS MOBILE, INC.
13

J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
SAINA S. SHAMILOV (CSB No. 215636)
sshamilov@fenwick.com
REBECCA A.E. FEWKES (CSB No. 209168)
rfewkes@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:     650.938.5200

TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
M. CONNER HUTCHISSON (CSB No. 327872)
chutchisson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:     415.281.1350

ALBERT J. RUGO (CSB No. 306134)
arugo@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone:    206.913.4309
Facsimile:     206.389.4511

Attorneys for Defendant
SALESFORCE.COM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

EXPRESS MOBILE, INC.,

    *Plaintiff,*

  v.

SALESFORCE.COM, INC.,

    *Defendant..*

Case No. 3:20-cv-08461-RS

**STIPULATION AND [~~PROPOSED~~]**
**PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  CONFIDENTIAL information includes all non-public information that the Designating Party reasonably believes should be protected from public disclosure because such information (i) is proprietary to the Designating Party, *e.g.*, a trade secret or other confidential research, development, or commercial information; or (ii) implicates an individual's legitimate expectation of privacy.  CONFIDENTIAL information shall apply to all information, documents and things responsive to requests for production of documents and things under Fed. R. Civ. P. 34; information produced by other persons that the producing or Designating Party is under an obligation to maintain in confidence; responses to written interrogatories under Fed. R, Civ. P. 33; responses to requests for admission under Fed. R. Civ. P. 36 or other discovery

requests; testimony adduced at depositions upon oral examination or upon written questions pursuant to Fed. R. Civ. P. 30 and 31 or during hearings or at trial.  The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such information shall also be deemed CONFIDENTIAL information.  Information originally designated as CONFIDENTIAL information shall not retain that status after any ruling by the Court denying such status to it.

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person who resides in the U.S. and has specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," that the Designating Party reasonably believes contains highly sensitive business or personal information, the disclosure of which to another Party or Non-Party would create a substantial risk of significant competitive or commercial disadvantage to the Designating Party that could not be avoided by less restrictive means.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

extremely sensitive "Confidential Information or Items" representing computer code (*i.e.*,

computer instructions and data definitions expressed in a form suitable for input to an assembler,

compiler, or other translator) and associated comments and revision histories, formulas,

engineering specifications, or schematics that define or otherwise describe in detail the algorithms

or structure of software or hardware designs, disclosure of which to another Party or Non-Party

would create a substantial risk of serious harm that could not be avoided by

less restrictive means.

2.9     House Counsel: attorneys who are employees of a party to this action. House

Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal

entity not named as a Party to this action.

2.11     Outside Counsel of Record: attorneys who reside in the U.S., are members of a bar

of a U.S. state, who are not employees of a party to this action but are retained to represent or

advise a party to this action and have appeared in this action on behalf of that party or are

affiliated with a law firm which has appeared on behalf of that party.

2.12     Party: any party to this action, including all of its officers, directors, employees,

consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     Producing Party: a Party or Non-Party that produces Disclosure or Discovery

Material in this action.

2.14     Professional Vendors: persons or entities that provide litigation support services

(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and

subcontractors.

2.15     PROTECTED DATA: refers to any information that a Party or Non-Party

reasonably believes to be subject to federal, state or foreign Data Protection Laws or other

privacy obligations.  Regardless of whether designated as such, PROTECTED DATA shall be

treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. PROTECTED DATA constitutes highly sensitive materials requiring special protection.  Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Biley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information);  Regulation (EU) 2016/679 Of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR"). The parties agree that productions of PROTECTED DATA may require additional safeguards pursuant to federal, state or foreign data protection laws or regulations or other privacy obligations and will meet and confer to implement these safeguards if and when needed.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or as "PROTECTED DATA."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; or (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

obtained the information lawfully and under no obligation of confidentiality to the Designating

Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to

applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party

or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards.

To the extent it is practical to do so, the Designating Party must designate for protection only

those parts of material, documents, items, or oral or written communications that qualify – so that

other portions of the material, documents, items, or communications for which protection is not

warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process or to impose unnecessary

expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated

for protection do not qualify for protection at all or do not qualify for the level of protection

initially asserted, that Designating Party must promptly notify all other parties that it is

withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or static image files of electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. The Producing Party shall mark the initial page and the page or pages on which any "PROTECTED DATA" appears with the legend "PROTECTED DATA," whether the Protected Material has already been redacted or not. The Producing Party shall also include the appropriate confidentiality designation in the load file.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED DATA") to each page that contains Protected Material.

(b) <u>for information in documentary form provided in native format</u>, that the Producing Party include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED DATA" in the filename.

(c) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

To the extent a third party testifies about subject matter over which a party has a claim to confidentiality, the party may designate the deposition testimony of a third party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "PROTECTED DATA," as appropriate, and the provisions of this Section and Section 7.5 may be invoked.

(d) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED DATA." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(e) <u>designation and counter-designation of third party or other party files</u>. A Designating Party may designate, or counter-designate with a higher designation, information or items produced by another Party or non-party that contains or is derived from the Designating Party's own Protected Material.  Designations or counter-designations are subject to the restrictions set forth in the Order.  Each Party that designates or counter-designates such information or items will be treated as the Designating Party for purposes of this Order.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected in writing or on the record, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Within five (5) days of providing written notice under this provision that a document or documents were inadvertently not designated Protected Material, the Designating Party must provide the Receiving Party with replacement copies of such documents containing the proper designation. Upon receipt of such replacement copies, the Receiving Party shall immediately return or destroy any copies of the unmarked or incorrectly marked documents, things, information responses, or testimony and provide written confirmation to the Designating Party within two (2) business days of receiving replacement copies that it has destroyed the unmarked or incorrectly marked items (if the Designating Party requests destruction of such items), except that the Receiving Party shall not be obliged to return or destroy any mis-designated material that has become part of the record of this

litigation, provided making the mis-designated material part of the record was not done for the purpose of defeating the Designating Party's right to protection under this Order.

No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. However, upon timely written notice of an inadvertent failure to designate, the Receiving Party shall reasonably cooperate to correct any disclosure to maintain the confidentiality of the previously undesignated or incorrectly designated material, without prejudice.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or

1   establishes that the Designating Party is unwilling to participate in the meet and confer process in

2   a timely manner.

3         6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

4   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

5   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

6   of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

7   process will not resolve their dispute, whichever is earlier.  Each such motion must be

8   accompanied by a competent declaration affirming that the movant has complied with the meet

9   and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

10  make such a motion including the required declaration within 21 days (or 14 days, if applicable)

11  shall automatically waive the confidentiality designation for each challenged designation. In

12  addition, the Challenging Party may file a motion challenging a confidentiality designation at any

13  time if there is good cause for doing so, including a challenge to the designation of a deposition

14  transcript or any portions thereof. Any motion brought pursuant to this provision must be

15  accompanied by a competent declaration affirming that the movant has complied with the meet

16  and confer requirements imposed by the preceding paragraph.

17        The burden of persuasion in any such challenge proceeding shall be on the Designating

18  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

19  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

20  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

21  file a motion to retain confidentiality as described above, all parties shall continue to afford the

22  material in question the level of protection to which it is entitled under the Producing Party's

23  designation until the court rules on the challenge.

24  7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

25        7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

26  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

27  defending, or attempting to settle this litigation and not for any business or competitive purposes

28

or in any other legal proceeding, except as permitted by a court order, or as agreed by the parties. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing contained in this Order shall be construed to limit any Receiving Party's rights to use in briefs or at trial or in any proceeding in this litigation, Protected Material of a Designating Party, subject to the provisions in this Section and the Sections that follow.  Nor shall this Order prevent Counsel from examining a witness whose name does not appear on the Protected Material to determine whether he or she has knowledge of the subject matter comprising Protected Material, so long as such examination shall be in a manner that does not disclose the details of the Protected Material.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) other persons whom the Disclosing Party agrees in advance in writing.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," and "PROTECTED DATA" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED DATA" only to certain categories of individuals defined below. All such designated information or items shall be maintained securely within the United States of America, and may not be accessed by any entity or individual outside of the United States of America. Such material may be accessed by:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

1       (c) the court and its personnel;

2       (d) court reporters and their staff, professional jury or trial consultants, mock jurors, and

3 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

4 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

5       (e) the author or recipient of a document containing the information or a custodian or

6 other person who otherwise possessed or knew the information.

7       (f) other persons whom the Disclosing Party agrees in advance in writing.

8       7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY

9 CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE

10 CODE," or "PROTECTED DATA" Information or Items to Experts.

11       (a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party,

12 a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that

13 has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY

14 CONFIDENTIAL – SOURCE CODE," or "PROTECTED DATA" pursuant to paragraph 7.3(c)

15 first must make a written request to the Designating Party that (1) identifies the general categories

16 of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL

17 – SOURCE CODE," or "PROTECTED DATA" information that the Receiving Party seeks

18 permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and

19 state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

20 identifies the Expert's current employer(s), (5) identifies each person or entity from whom the

21 Expert has received compensation or funding for work in his or her areas of expertise or to whom

22 the expert has provided professional services, including in connection with a litigation, at any

23 time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing

24 ————————————————

25 [1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed
26 without violating any confidentiality agreements, including whether such services or funding
27 were outside of the field of the Designating Party's technology at issue in the case and whether
such work or services concerned any party to this case or its predecessors or successors (merged,

28

date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5     Depositions and Court Proceedings.

(a)     Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that

---

acquired, or otherwise), parents, divisions, subsidiaries, associated organizations, joint ventures, and affiliates thereof, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "PROTECTED DATA."

(b)     A Party may question a witness designated by another Party pursuant to Federal Rule 30(b)(6) at a deposition regarding the designating Party's Protected Material without prior permission.  In all other instances, if a Party seeks to question a witness at a deposition about Protected Material that the witness is not otherwise authorized to access under this Order, the Party who wishes to disclose the Protected Material must first seek permission to do so from the Designating Party.  Such permission shall not be reasonably denied.  However, if permission is denied, the party seeking to disclose the Protected Material may present an application to the Court for leave to disclose such information to the witness at issue.  In making such an application, the burden shall be on the requesting party to demonstrate good cause for making the disclosure.

(c)     Nothing in this Order shall be construed to prevent Counsel from examining a witness to determine whether he or she has knowledge of the subject matter comprising Protected Material, so long as such examination shall be in a manner that does not disclose the details of the Protected Material.

(d)     If during a Court proceeding Protected Material is likely to be revealed, any Party may request that the proceeding be held *in camera,* consistent with the Local Rules.

8.     PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" material or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material containing technical information regarding the design or operation of a Producing Party's past, current, or future products or services, including but not limited to any instrumentality accused of infringement in this case (together, "Prosecution Bar Material") shall not be involved in the prosecution of patents or patent applications relating to the

subject matter of such Prosecution Bar Material to which the individual received access, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims in original prosecution or reissue proceedings.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent in any contested proceeding before a domestic or foreign agency (including, but not limited to, a reissue protest, interference, post grant review, ex parte, or inter partes reexamination or review), provided that any individual who reviews or otherwise gains knowledge of Prosecution Bar Material shall not be involved, either directly or indirectly, in amending claims. This Prosecution Bar shall begin when the affected individual first reviews or otherwise gains knowledge of Prosecution Bar Material and shall end two (2) years after final termination of this action.

9.      <u>SOURCE CODE</u>

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9 am to 5 pm local time) or at other mutually agreeable times, at an office of the Producing Party's counsel in the Northern or Central District of California or another mutually agreed upon location or manner, subject to the limitations of subparagraph (k) below. At the office of the Producing

Party's counsel or other mutually agreed upon location, the source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  Electronic devices, including cell phones and laptops, and devices capable of copying, photographing, or recording (including cell phones) are not permitted to be brought by reviewers into the source code review room. Notes may only be taken in bound notebooks that prominently contain a legend on the cover identifying the case name, number, note taker's contact information, and the phrase "HIGHLY CONFIDENTIAL – SOURCE CODE."

(d)     A list of names of persons who will review Source Code Material on the standalone computer(s) will be provided to the Producing Party in conjunction with any request to inspect source code.  Prior to the first inspection of any Source Code Material made available by a Producing Party, the Receiving Party shall provide five (5) business days' notice that it wishes to inspect Source Code Material. Requests for access may span multiple consecutive days for the same notice.  Any requests shall include the information reasonably needed to access the building and comply with its security requirements, including the names of the reviewers and expected times of arrival.  Reviewers also shall be required to show evidence that they are fully vaccinated against COVID-19.[2]  To the extent practical and reasonable, the Parties agree to accommodate requests for inspection on a shorter timeframe, particularly when the needs of the case and case schedule require more immediate access by the Receiving Party to the requested Source Code Material.  Similarly, the Receiving Party shall make good faith efforts to reasonably accommodate scheduling limitations identified by the producing Party;

---

[2] This Order incorporates by reference the State of California and Santa Clara County Public Health Orders and requirements for businesses and employers, or any comparable local health orders applicable to the location in which the source code is made available for inspection.

(e)      During any source code review session, the Receiving Party may print portions of source code as PDF files to be saved in a designated folder created by the Producing Party on the source code computer. The Receiving Party may print such portions only to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The Receiving Party may print up to 250 PDF pages of source code related to each of the Accused Instrumentalities for which Express Mobile provides at least one infringement contention chart, of which no more than 30 PDF pages shall comprise contiguous code. These limits are on a per-Accused Instrumentality basis and may not be aggregated across Accused Instrumentalities. In no event shall source code be printed for the purpose of reviewing source code in the first instance outside of the secured computer and without the protections set forth in this order.  If the Receiving Party reasonably believes that it is necessary to print more than set forth by these limits, the parties shall meet and confer in good faith to resolve the issue.

The Producing Party shall produce the PDF files in the designated folder for each source code review session in paper form, with each page bearing the designation "HIGHLY CONFIDENTIAL – SOURCE CODE" and Bates numbering within 3 business days of a request for production.  To the extent a Receiving Party conducts source code review across multiple consecutive days, a request for production must only be made at the conclusion of such a session. The Receiving Party shall not create any electronic or other images of the paper copies, with the exception of excerpts of no more than 30 consecutive lines of source code each to the extent such excerpts are reasonably necessary for the preparation of documents in categories enumerated in the following sentence.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Receiving Party shall provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report, and before use in a deposition.  Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition

transcripts, rather, the deposition record will identify the exhibit by its production Bates numbers or other specific descriptor if there are no such numbers or such numbers identify multiple printed pages of source code. Any paper copies of source code used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f)      The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. Any paper copies of source code shall be stored or viewed only at (i) the offices of Outside Counsel of Record for the Receiving Party; (ii) the offices of Experts who have been approved to access source code under this Protective Order; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any Receiving Party's Outside Counsel of Record or Experts who obtain source code material pursuant to the provisions herein shall be responsible for the security of said material and any derivative materials created using source code, such as any notes of an Expert, and shall ensure that it is always maintained in a secured, locked area. Except as set forth in this section (for example, electronic court filings), source code may not be transported or transmitted electronically over a network of any kind, including over a local area network (LAN), intranet, or the Internet.

(g)      The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 above, whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(h)      The Producing Party shall pre-install tools to permit reasonable review of the Producing Party's source code. To the extent the Receiving Party requests additional source code review tools, the Receiving Party shall inform the Producing Party of those additional tools at least 14 days prior to the date such source code review tools are requested to be installed, and the Receiving Party shall provide any necessary licenses. The Receiving Party shall not erase, load, install, compile, or otherwise modify any program (or request that the Producing Party do so) on

1   the source code review computer without first submitting a written request and obtaining the

2   Producing Party's agreement to that request.

3          (i)      Images or copies of source code shall not be included in correspondence between

4   the parties (references to production numbers shall be used instead) and shall be omitted from

5   pleadings and other papers except to the extent permitted herein.

6          A Receiving Party may include excerpts of source code in a pleading, exhibit, expert report,

7   discovery document, deposition transcript, or other Court document (hereinafter, "Source Code

8   Documents") only to the extent necessary, provided that the Source Code Documents are

9   appropriately marked under this Order, restricted to those who are entitled to have access to them

10  as specified herein, encrypted using commercially reasonable encryption software including

11  password protection where possible. If filed with the Court, the Source Code Documents must be

12  filed under seal in accordance with the Court's rules, procedures and orders, but may be filed

13  without encryption. To the extent portions of source code are quoted in a Source Code Document,

14  either (1) the entire Source Code Document will be stamped and treated as "HIGHLY

15  CONFIDENTIAL SOURCE CODE" or (2) those pages containing quoted source code will be

16  separately stamped and treated as "HIGHLY CONFIDENTIAL SOURCE CODE."

17         (j)      Upon final disposition of this action as set forth in Paragraph 15, the Producing

18  Party may request service of: (1) the record of all paper copies of source code made by the

19  Receiving Party; (2) the record of individuals who inspected any portion of the source code; and

20  (3) a certification in writing that all copies of source code, including any materials containing

21  source code information, including source code reviewer notes, were destroyed.  Alternatively,

22  the Producing Party may request that all copies of source code be returned.

23  10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

24  LITIGATION</u>

25         If a Party is served with a subpoena or a court order issued in other litigation that compels

26  disclosure of any information or items designated in this action as "CONFIDENTIAL,"

27

28

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. 3:20-cv-08461-RS

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL –
SOURCE CODE," or "PROTECTED DATA" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a
copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the
other litigation that some or all of the material covered by the subpoena or order is subject to this
Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the
Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the
subpoena or court order shall not produce any information designated in this action as
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY
CONFIDENTIAL – SOURCE CODE," or "PROTECTED DATA" before a determination by the
court from which the subpoena or order issued, unless the Party has obtained the Designating
Party's permission. The Designating Party shall bear the burden and expense of seeking
protection in that court of its confidential material – and nothing in these provisions should be
construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful
directive from another court.

11.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
LITIGATION</u>

(a)      The terms of this Order are applicable to information produced by a Non-Party in
this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," or
"PROTECTED DATA." Such information produced by Non-Parties in connection with this

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of
this Protective Order and to afford the Designating Party in this case an opportunity to try to
protect its confidentiality interests in the court from which the subpoena or order issued.

litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    SECURITY, DATA BREACH, AND UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12.1    General Principles. Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in this Section.

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction. Such measures shall include:

(a)     Reasonably preventing unauthorized persons from gaining access to Protected Material. In the case of Protected Material maintained in electronic format this includes storing the data in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those entitled to access Protected Material under this Order (physical access control);

(b)     Reasonably ensuring that any Protected Material downloaded from a litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable thumb drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order. If the user is unable to password protect and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level.

(c)     Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(d)     Reasonably ensuring that persons entitled to use Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorization (data access control);

(e)     Reasonably ensuring that the Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected Material by means of data transmission facilities can be established and verified (data transfer control);

(f)     Reasonably ensuring that the establishment of an audit trail to document whether and by whom Protected Material have been entered into, modified in, or removed from Protected Material processing systems, (entry control); and

1    Reasonably ensuring that the Protected Material is processed solely in accordance with

2    instructions from Counsel or Receiving Party (control of instructions).

3    12.2    <u>Data Breach</u>. If the Receiving Party discovers a breach of security relating to the

4    Protected Material of another Party, the Receiving Party shall: (a) provide written notice to the

5    Designating Party of such breach no later than (24) hours after the Receiving Party's discovery of

6    the breach; (b) investigate and remediate the effects of the breach, and provide Designating Party

7    with assurance reasonably satisfactory to the Designating Party that such breach shall not recur;

8    and (c) provide sufficient information about the breach that the Designating Party can reasonably

9    ascertain the size and scope of the breach. If required by any judicial or governmental request,

10   requirement or order to disclose such information, the Receiving Party shall take all reasonable

11   steps to give the Designating Party sufficient prior notice to contest such request, requirement or

12   order through legal means. The Receiving Party agrees to provide reasonable cooperation to the

13   Designating Party or law enforcement in investigating any such security incident. In any event, the

14   Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the

15   unauthorized access as it deems appropriate in its good faith and reasonable judgment.

16   12.3    <u>Unauthorized Disclosure of Protected Material</u>. If a Receiving Party learns that, by

17   inadvertence or otherwise, it has disclosed Protected Material to any person or in any

18   circumstance not authorized under this Stipulated Protective Order, the Receiving Party must

19   immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its

20   best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

21   persons to whom unauthorized disclosures were made of all the terms of this Order, and (d)

22   request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

23   that is attached hereto as Exhibit A.

24   13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>
     <u>MATERIAL</u>

25

26   The production of any privileged or otherwise protected or exempted information, as well

27   as the production of information without an appropriate designation of confidentiality, shall not be

28

1    deemed a waiver or impairment of any claim of privilege or protection, including, but not limited

2    to, the attorney-client privilege, the protection afforded to work product materials or the subject

3    matter thereof, or the confidential nature of any such information, as to the produced information,

4    or any other information in this case or in any other federal or state proceeding.

5           Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5),

6    the production of documents, electronically stored information ("ESI") or information subject to

7    the attorney-client privilege or the work-product immunity, or any other privilege or immunity,

8    whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in

9    this case or in any other federal or state proceeding. This Order shall be interpreted to provide the

10   maximum protection allowed by Federal Rule of Evidence 502(d).

11          If information is inadvertently produced in discovery that is subject to a claim of privilege,

12   work-product immunity, or other privilege or immunity, the Producing Party making the claim may

13   notify any Receiving Party of the claim and the basis for it, including information regarding the

14   asserted privilege or immunity sufficient to satisfy Federal Rule of Civil Procedure 26(b)(5) and

15   enable the Receiving Party to assess the claim. Within 5 days of such notification, a Receiving

16   Party must return the specified information and any copies it has or provide a verification certifying

17   that all such information and copies have been destroyed. Moreover, any notes or summaries, other

18   than those previously permitted under this section, referring to or relating to any recalled documents

19   or information subject to a claim of privilege or immunity, shall be destroyed. At that time, the

20   Producing Party shall also provide a replacement production that either redacts or substitutes slip

21   sheets for the information over which the Producing Party is claiming privilege, work-product

22   immunity, or other privilege or immunity.

23          The Receiving Party may contest the privilege or work product designation by the

24   Producing Party, and shall give the Producing Party written notice of the reason for said

25   disagreement. However, the Receiving Party may not challenge the privilege or immunity claim by

26   arguing that the disclosure itself is a waiver of any applicable privilege.

27

28

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Moreover, nothing herein should be construed to mean that the cost of review should not be considered in whether any particular discovery is disproportionate (i.e. that the marginal benefit of the discovery is not as great as the cost of said discovery including review).

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future. Nor does it limit the right of any Party to seek additional protections from the court as may be necessary under particular circumstances.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

14.5    No Waiver of Right to Appropriately Withhold or Redact.  Notwithstanding the provisions of this Order, Parties may redact from any document, whether designed Protected Material or not, any information containing privileged material, or any other data protected from disclosure by State, Federal or foreign regulations. Notwithstanding the provisions of this Order, Parties may redact from any document any PROTECTED DATA.

14.6    Amendment.  This Order may be amended with respect to (a) specific documents or items of Protected Material or (b) persons to whom Protected Material may be disclosed, by Court order or written agreement of the parties.  This Order shall remain in force and effect indefinitely until modified, superseded, or terminated by order of this Court.

15.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, or such other time as the Producing Party may agree in writing, each Receiving Party must return all Protected Material to the Producing Party or destroy such material using commercially reasonable efforts. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, including but not limited to that given to experts and house counsel. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline, or such other time as the Producing Party may agree in writing, that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel shall not be required to delete information that

1   may reside on their respective firms' or vendors' electronic disaster recovery systems that are

2   overwritten in the normal course of business, or information that may reside in electronic files

3   which are not reasonably accessible. However, parties and their Counsel shall not retrieve, access,

4   nor use any Protected Material from said electronic disaster recovery systems or other not-

5   reasonably accessible data sources after the conclusion of the matter. Additionally, Outside

6   Counsel of Record for each party may retain (a) copies of pleadings, filings, transcripts, expert

7   reports and exhibits (but not documents/materials merely cited), affidavits, and correspondence

8   containing material designated Protected Material, (b) documents, things, copies and samples to

9   the extent they include or reflect receiving attorney's work product, and (c) one copy of

10   depositions, deposition exhibits, and the trial record. Any such archival copies that contain or

11   constitute Protected Material remain subject to this Protective Order as set forth in Section 4

12   (DURATION).

13

14   Dated:  September 1, 2021       By:   */s/ Robert Kramer*

                           Robert Kramer

15

16                           FEINBERG DAY KRAMER ALBERTI
                           LIM TONKOVICH & BELLOLI LLP

17                           *Attorneys for* Express Mobile, Inc.

18

19   Dated:  September 1, 2021       By:   */s/ Todd R. Gregorian*

                           Todd R. Gregorian

20

21                           FENWICK & WEST LLP

22                           *Attorneys for* Salesforce.com, Inc.

                          **ATTESTATION**

23

24       Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence

25   in the filing of this document has been obtained from the other signatory above.

26   Dated:  September 1, 2021       By:   */s/ Robert Kramer*
                           Robert Kramer

27

28

1

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3           9/17/2021
Dated: _____            By: _____

4                                 Honorable Donna M. Ryu
                                United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. 3:20-cv-08461-RS

1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Express Mobile, Inc. v. Salesforce.com,*

*Inc.,*, Case No. 3:20-cv-08461-RS. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:_____
        [printed name]

Signature: _____
[signature]